**FRIENDS OF THE WILD SWAN; Rocky Mountain Wild; Biodiversity Conservation Alliance; and San Juan Citizens Alliance, Plaintiffs,**

v.

**Daniel ASHE, in his official capacity as Director of the U.S. Fish and Wildlife Service; The U.S. Fish and Wildlife Service; S.M.R. Jewell, in her official capacity as Secretary of the Interior; and the United States Department of the Interior, Defendants.**

**No.  CV 13–57–M–DWM.**

United States District Court,
D. Montana,
Missoula Division.

Signed May 8, 2014.

John R. Mellgren, Eugene, OR, Matthew Kellogg Bishop, Helena, MT, for Plaintiffs.

Travis J. Annatoyn, United States Department of Justice, Washington, DC, for Defendants.

## ORDER

DONALD W. MOLLOY, District Judge.

The United States Fish and Wildlife Service ("Service") listed the Canada lynx as a threatened species under the Endangered Species Act ("ESA") in March 2000.[1] 65 Fed.Reg. 16052 (Mar. 24, 2000). Once a species is listed as threatened, the Service must designate the critical habitat of that species and develop and implement a recovery plan. 16 U.S.C. § 1533(a), (f). At the time of listing, the Service did not designate critical habitat for the lynx. *Alliance for the Wild Rockies v. Lyder*, 728 F.Supp.2d 1126, 1129 (D.Mont.2010). And since that time, the designation of lynx critical habitat has been repeatedly litigated. (*See* Doc. 21 at 5–7 (discussing the history of that litigation).) To date, no recovery plan has been completed.

This is an action for declaratory and injunctive relief pursuant to the ESA and the Administrative Procedures Act ("APA"), 5 U.S.C. § 706. Plaintiffs are various environmental organizations that

request an order declaring that the Service's delay in preparing a recovery plan for the lynx is unreasonable and compelling the Service to abide by a set deadline. (Doc. 18.) Defendants concede that the development and implementation of a recovery plan is a mandatory duty and that a recovery plan for the lynx has not been developed or implemented, (Doc. 21 at 9, 29); however, Defendants have filed a cross-motion for summary judgment (Doc. 21) on the grounds that the delay is not unreasonable. For reasons discussed below, Plaintiffs' motion for summary judgment is granted.

### LEGAL STANDARD

A party is entitled to summary judgment if it can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Only disputes over facts that might affect the outcome of the lawsuit will preclude entry of summary judgment; factual disputes that are irrelevant or unnecessary to the outcome are not considered. *Id.* at 248, 106 S.Ct. 2505.

### ANALYSIS

**I. Plaintiffs have standing to pursue their claim.**

■ Standing encompasses three elements: (1) injury in fact; (2) causation; and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). An organizational plaintiff has standing to sue if its members would have standing to sue in

---

1. A "threatened species" is "any species which is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." 16 U.S.C. § 1532(20).

their own right, the "interests at stake are germane to the organization's purpose," and the members' participation is not necessary to the claim or the relief requested. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). Plaintiffs have shown all three factors of standing. *See Lujan*, 504 U.S. at 562–563, 112 S.Ct. 2130 ("[T]he desire to use or observe an animal species, even for purely esthetic purposes, is undeniably a cognizable interest for purpose of standing."); *Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1226 (9th Cir. 2008) ("Plaintiffs alleging procedural injury must show only that they have a procedural right that, if exercised, *could* protect their concrete interests." (emphasis in original) (internal quotations omitted)).

## II. The Service's delay in developing and implementing a recovery plan for the lynx is unreasonable.

■ "[T]he ESA does not itself specify a standard of review of its implementation, [so courts should] apply the general standard of review of agency action established by the [APA]." *Or. Nat. Resources Council v. Allen*, 476 F.3d 1031, 1036 (9th Cir. 2007). The APA authorizes a reviewing court to "compel agency action ... [that is] unreasonably delayed." 5 U.S.C. § 706(1). To determine whether an agency's inaction amounts to an "unreasonable delay," courts balance six factors ("*TRAC* factors"):

(1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason [;] (3) delays that might be reasonable in the sphere of economic regulation are less

tolerable when human health and welfare are at stake [;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir.2001) (citing *Telecomm. Research & Action v. FCC (TRAC)*, 750 F.2d 70, 80 (D.C.Cir.1984)). Applying these factors here, the Service must submit a firm deadline to complete lynx recovery planning, unless the Service "finds that such a plan will not promote the conservation of the [lynx]." 16 U.S.C. § 1533(f)(1).

■ The ESA directs the Service to prepare a recovery plan for listed species but does not include a timetable or indication of the speed with which the recovery plan should be developed. *Id.* As a result, the reasonableness of the time it takes the Service to develop a recovery plan is governed by a "rule of reason" and not by statute. *Brower*, 257 F.3d at 1068. "Absent a precise statutory timetable or other factors counseling expeditious action, an agency's control over the timetable of a rulemaking proceeding is entitled to considerable deference." *Sierra Club v. Gorsuch*, 715 F.2d 653, 658 (D.C.Cir.1983). "Although there is no *per se* rule as to how long is too long, inordinate agency delay ... frustrate[s] congressional intent by forcing a breakdown of regulatory processes.... [T]he reasonableness of the delay must be judged in the context of the statute which authorizes the agency's action." *In re Intl. Chemical Workers Union* ("*Intl. Chem.*"), 958 F.2d 1144, 1149 (D.C.Cir.1992) (internal quotations omitted).

In this case the Service has developed and published its own timeline for completing a recovery plan. SAR 196.[2] The Service's guidelines suggest that a recovery outline for the listed species be submitted to the Regional Office within 60 days of listing; that the recovery outline be approved within 90 days of listing; that a draft recovery plan be prepared for public comment and peer review within 18 months of listing; and that a final recovery plan be issued within 30 months of listing. AR 392. This internal timeframe is not binding on the Service. *W. Radio Servs. Co. v. Espy,* 79 F.3d 896, 902 (9th Cir. 1996). However, the interpretations and opinions of an agency "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Skidmore v. Swift & Co.,* 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944). Under this timeline, a recovery plan should have been in place in September of 2002, or twelve years ago.

The Service maintains that development of a recovery plan is contingent on publication of the final rule for lynx critical habitat, AR 998, and the Service's work on lynx critical habitat has been dogged by litigation at every turn, (*see* Doc. 21 at 5–7). It insists the lynx is a low priority species because there is a high potential for recovery and a low degree of threat, AR 198, 1190 and that the Service must balance the needs of the lynx against the needs of twenty other species that also lack recovery plans but have higher priority numbers, AR 348, 1178. However, the stutter-step approach taken by the Service raises the concern—even the certainty—that if a deadline is not in place, a new impediment will continually prevent the development of a recovery plan for the lynx in contravention of the ESA. The Service cannot delay its statutory obligation indefinitely. *See In re Cal. Power Exch. Corp.,* 245 F.3d 1110, 1125 (9th Cir. 2001) (citing cases involving unreasonable delays of four, eight, and ten years); *Nader v. F.C.C.,* 520 F.2d 182, 206 (D.C.Cir. 1975) (nine years should be enough time for any agency to decide almost any issue). At some point the agency needs to meet the obligations imposed by Congress when it enacted the law.

However, whether an agency's delay is unreasonable "cannot be decided in the abstract, by reference to some number of months or years beyond which agency inaction is presumed to be unlawful, but will depend in large part ... upon the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency." *Mashpee Wampanoag Tribal Council, Inc. v. Norton,* 336 F.3d 1094, 1102 (D.C.Cir. 2003). As a result, it is necessary to "consider the effect of expediting delayed action on agency activities of a higher or competing priority." *Brower,* 257 F.3d at 1068.

The Service claims that it will begin recovery planning after publication of a final critical habitat rule, arguing it does not have the human or financial resources to complete both tasks at once. AR 998, 346. Even in the face of competing priorities, however, the Service's justifications for the delay "become less persuasive the longer the delay continues." *Intl. Chem.,* 958 F.2d at 1150. Here, the Service has repeatedly stated that it will initiate recovery planning for the lynx. *See* AR 998 (will initiate in 2007); AR 507 (will initiate in 2011); AR 204, 345 (will initiate by close

---

**2.** The parties have stipulated that the Administrative Record ("AR") and the Supplemental Administrative Record ("SAR") on file with this Court contain the undisputed material facts. (Docs. 20 and 22.)

of 2014). Based on the Service's most recent self-declared deadline, requiring completion of recovery planning on its represented timeframe will not bias its ability to balance competing interests. *See Public Citizen Health Research Group v. Brock*, 823 F.2d 626, 629 (D.C.Cir.1987) (ordering agency to adhere to own schedule); *Ctr. for Biological Diversity v. Bureau of Land Mgt.*, —— F.Supp.2d ——, ——, 2014 WL 1347467, *12 (N.D.Cal. 2014) (adopting the deadline identified by the Service).

### CONCLUSION

The history of this case causes a certain skepticism about the agency's self-declared deadlines for initiating recovery planning. Consequently, the Service will be bound by a deadline for recovery planning unless it finds and documents that such a plan will not promote the conservation of the lynx. Any additional delay will be considered in violation of this Order.

Accordingly, IT IS ORDERED that Plaintiffs' motion for summary judgment (Doc. 18) is GRANTED. Defendants must file a proposed schedule for completion of recovery planning within thirty (30) days. Once filed, Plaintiffs have fifteen (15) days to file objections to the proposed schedule. Following review of these submissions, the Court will set a firm schedule by which the Service must comply.

IT IS FURTHER ORDERED that Defendants' cross-motion for summary judgment (Doc. 21) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' motion for leave to file supplemental briefing (Doc. 26) is DENIED as MOOT.